IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WILD WILLOW LIMITED COMPANY, a Utah limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>TOWN OF FRANCIS, a municipal corporation and political subdivision of the State of Utah; HORROCKS ENGINEERS, a Utah corporation; JOHN BERGEN, an individual; JOHN KEYES, an individual; KRAIG POWELL, an individual; REX HALLAM, an individual; and JOHN DOES 1-25,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR REMAND<br><br><br><br><br><br>Case No. 2:12-CV-1002 TS |

    This matter is before the Court on Plaintiff Wild Willow Limited Company's ("Wild Willow") Motion for Remand.[1]  Defendants Town of Francis, John Bergen, John Keyes, Kraig Powell, and Rex Hallam (collectively the "Town of Francis Defendants") and Horrocks

---

    [1]Docket No. 5.

1

Engineers ("Horrocks") (collectively "Defendants") have filed memoranda in opposition to the Motion. For the reasons discussed below, the Court will grant the Motion.

## I.  PROCEDURAL HISTORY

Wild Willow filed its Complaint in this case on November 15, 2011, in the Third Judicial District Court for Summit County, State of Utah naming the Town of Francis, Rex Hallam, John Bergen, and John Keyes as Defendants. On September 25, 2012, Plaintiff filed its Second Amended Complaint naming Kraig Powell and Horrocks Engineers as additional Defendants. Plaintiff's Second Amended Complaint sets forth a number of state-law claims as well as claims related to the unlawful taking of private property in contravention of both the Utah and United States Constitutions. Horrocks was served on September 27, 2012, and filed a notice of removal on October 26, 2012, to which each of the other Defendants purported to consent. Plaintiff subsequently filed the Motion for Remand currently before the Court.

## II.  DISCUSSION

Wild Willow argues that this case should be remanded to state court because: (1) this Court is without subject matter jurisdiction over the federal issues forming the basis of removal; (2) the notice of removal was not validly consented to by all Defendants; and (3) removal was not timely and properly pursued.

Plaintiff first argues that this court lacks subject matter jurisdiction because Wild Willow's federal takings claim and the claims arising out of it are not ripe for review. "Before a federal court can properly determine whether the state has violated the Fifth Amendment [takings clause], the aggrieved property owner must show first that the state deprived him of his property,

and second, that the state refused to compensate him for his loss."[2]  "Because the Fifth Amendment does not require compensation to be paid before a deprivation occurs, a 'taking' is not complete until the state fails to provide 'just compensation' for the property."[3]  Therefore, "'if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.'"[4]

"Under Utah law, a property owner may bring an inverse condemnation action whenever private property is taken or damaged for public use without a formal exercise of the State's eminent domain power."[5]  Thus, "because the State of Utah has provided a procedure for obtaining compensation for a taking of private property for public use, and because the Fifth Amendment 'requires that a property owner utilize procedures for obtaining compensation before bringing a § 1983 action,'" a "failure to avail [oneself] of the procedure renders [the] claim premature."[6]

---

[2]*Rocky Mountain Materials & Asphalt, Inc. v. Bd. of Cnty. Comm'rs*, 972 F.2d 309, 310 (10th Cir. 1992) (alterations in original) (quoting *Miller v. Campbell Cnty.*, 945 F.2d 348, 352 (10th Cir. 1991)).

[3]*Bateman v. City of W. Bountiful*, 89 F.3d 704, 708 (10th Cir. 1996) (internal citations omitted).

[4]*Id.* at 708 (quoting *Williamson Cnty. Reg'l Planning Comm'n*, 473 U.S. 172, 195 (1985)).

[5]*Id.*

[6]*Id.* at 709 (quoting *Williamson Cnty.*, 473 U.S. at 195 n.13).

"The Tenth Circuit repeatedly has held that [this] ripeness requirement . . . applies to due process and equal protection claims that rest upon the same facts as a concomitant takings claim."[7] Thus, where a takings claim is not ripe, other claims which are based on the same deprivation are also not ripe because they are "subsumed within the more particularized protections of the 'Just Compensation Clause.'"[8]

In this case, the parties agree that Wild Willow's Fifth Amendment takings claim is not ripe because Plaintiff has not yet litigated that claim in state court. However, the parties disagree on whether the Second Amended Complaint contains other federal claims that are ripe for review.

Defendants argue that Wild Willow's state-law claims are actionable in federal court through 42 U.S.C. § 1983 and therefore provide this Court with subject matter jurisdiction over this case. The Town of Francis Defendants, for example, state that the Second Amended Complaint "goes far beyond inverse condemnation theories and argues matters of civil conspiracy, fraud and willful tort action, and then clearly incorporates and subsumes every allegation of the Second Amended Complaint into the eleventh cause of action"[9]—which contains Plaintiff's § 1983 claim. Horrocks similarly argues that Wild Willow's "civil rights

---

[7]*Id.* (citations omitted).

[8]*Rocky Mountain Materials & Asphalt, Inc.*, 972 F.2d at 311 (quoting *Miller*, 945 F.2d at 352).

[9]Docket No. 7 at 12.

4

violation claim against Horrocks is based on . . . aiding and abetting, civil conspiracy, and interference, not the alleged unconstitutional taking of Wild Willow's property . . . ."[10]

Section 1983 imposes liability only for violations of rights protected by the laws and Constitution of the United States, not for violations of state tort or contract law.[11] Accordingly, Defendants' argument that Plaintiff's state-law claims somehow interact with § 1983 to create a federal cause of action is unavailing.

The Town of Francis Defendants also assert that the Second Amended Complaint's twelfth claim for relief states substantive due process and equal protection claims under the Fourteenth Amendment that are separate and apart from Wild Willow's Fifth Amendment takings claim. But Defendants have not pointed to, and the Court has not found, any facts in the Second Amended Complaint that could give rise to a claim under the Constitution or laws of the United States aside from those giving rise to Plaintiff's takings claim.

The Court therefore finds that Plaintiff's substantive due process, equal protection, and § 1983 claims arise out of the exact same facts giving rise to Plaintiff's takings claim. All of Wild Willow's federal claims are "subsumed within the more particularized protections of the 'Just

---

[10]Docket No. 8 at 13.

[11]*See* 42 U.S.C. § 1983; *Baker v. McCollan*, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); *Stewart v. Hunt*, 598 F. Supp. 1342, 1353 (E.D.N.C. 1984) ("[Section] 1983 imposes liability solely for violations of rights protected by the Constitution and federal law, not for violations arising simply out of state tort and contract law principles.").

Compensation Clause,'"[12] and are not ripe. The Court therefore lacks subject matter jurisdiction over this case and need not consider Plaintiff's other arguments.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Remand (Docket No. 5) is GRANTED. It is further

ORDERED that the hearing set in this case for February 5, 2013, is STRICKEN.

The Clerk of the Court is directed to remand this matter to the Third District Court for Summit County, State of Utah and close this case forthwith.

DATED   January 29, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[12] *Rocky Mountain Materials & Asphalt, Inc.*, 972 F.2d at 311 (quoting *Miller*, 945 F.2d at 352).